IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | No. 15-209 |
| EDWIN JIMERSON | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                           **March 23, 2023**

      Petitioner Edwin Jimerson asks this Court to vacate his conviction and/or correct his sentence pursuant to 28 U.S.C. § 2255. Jimerson brings four claims for ineffective assistance of counsel, arguing his attorney erroneously failed to raise several meritorious arguments on his behalf. Because the record conclusively shows Jimerson is not entitled to relief on any of these claims, his motion will be denied without an evidentiary hearing.

**BACKGROUND**

      On May 19, 2015, a grand jury handed down an Indictment charging Jimerson with three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Counts One, Three, and Five) and three counts of using, carrying, or brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Counts Two, Four, and Six). Jimerson pled guilty to Counts One, Two, Three, and Five of the Indictment, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), agreed to a sentence of 180-months' imprisonment. Plea Agreement 2, ECF No. 41. At his change of plea hearing, Jimerson agreed that he had robbed three Metro PCS stores in April of 2015. At two of the stores, he approached employees with a firearm and threatened them; at one, he told the victim he had a gun and displayed the outline of a firearm under his sweatshirt. *See* Plea Tr. 20:11-18. At sentencing, the Court imposed the agreed-upon sentence. Jimerson now moves for relief under 28 U.S.C. § 2255.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may seek to have his sentence vacated, set aside, or corrected if it was imposed in violation of the Constitution or laws of the United States, or is otherwise subject to collateral attack. Relief may be granted only if an error of law or fact occurred, and if such error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman*, 378 F.3d 294, 298 (3d Cir. 2004) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Jimerson brings this § 2255 motion pro se, and his pleadings are thus construed liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). Even so, Jimerson must nevertheless plead "facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

In evaluating a § 2255 motion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record" and "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). Although the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *see U.S. v. Booth*, 432 F.3d 542, 546 (citation omitted), "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court," *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

**DISCUSSION**

Jimerson claims his attorney was ineffective for failing to argue that: (1) the Indictment improperly charged him with a violation of 18 U.S.C. § 924(c); (2) he did not "use" a firearm during the robberies; (3) his actions did not meet the elements of Hobbs Act robbery; and (4) he should receive a downward departure under U.S.S.G. § 5K2.10. To prevail on an ineffective

assistance of counsel claim, a petitioner must demonstrate that (1) counsel's performance was unreasonably deficient, and (2) this deficient performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Because the arguments to which Jimerson now points are meritless, counsel was not ineffective for failing to raise them. *McAleese v. Mazurkiewicz*, 1 F.3d 159, 169 (3d Cir. 1993) (citation omitted). Jimerson's petition for relief will therefore be denied without an evidentiary hearing. *See United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005).

Jimerson first claims that his attorney should have disputed the manner in which the Government charged him in Count 2 of the Indictment. He alleges the Indictment incorrectly failed to include the "in furtherance" language added to § 924(c) in 1998. Mot. Leave File 6, ECF No. 50.[1] Jimerson is incorrect. Count Two of the Indictment charged that:

> On or about April 3, 2015, in Philadelphia, in the Eastern District of Pennsylvania, defendant EDWIN JIMERSON knowingly used and carried a firearm . . . during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, robbery which interferes with interstate commerce, in violation of Title 18, United States Code, Section 1951(a), as charged in Count One of this indictment, and brandished that firearm . . . In violation of Title 18, United States Code, Section 924(c)(l).

Indictment 3, ECF No. 1. This charge tracks the language of the statute, which applies to "any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The Third Circuit has explained that there are two ways to violate § 924(c): using or carrying a firearm during and in relation to a crime of violence, or possession of a firearm in furtherance of a crime of violence. *United States v. Scott*,

---

[1] Jimerson's petition refers to an attachment entitled "Argument and Authority Containing His Motion in Support of this Application." Pet. 4, ECF No. 53. The only memorandum supporting his habeas claims is found within his motion for leave to file a petition (ECF No. 50); it is on this document the Court assumes Jimerson relies.

3

463 F. App'x 85, 87 (3d Cir. 2012). A defendant may be charged under either prong. *United States v. Loney*, 219 F.3d 281, 287 (3d Cir. 2000). Here, Jimerson was indicted under the "use or carrying" prong, which does not require that the action be done "in furtherance" of a crime of violence. *See id.* Thus, his attorney was not ineffective for failing to raise this meritless argument.

Second, Jimerson claims counsel should have argued that he did not "use or carry" a firearm during the robberies. A gun is "used" within the meaning of § 924(c) when it is available to facilitate the underlying offense. *See United States v. Reyes*, 930 F.2d 310, 313-14 (3d Cir. 1991); *see also Smith v. United States*, 408 U.S. 223, 229 (1993) (internal citation omitted) ("§ 924(c)(1)'s language sweeps broadly . . . "[T]he word 'use' is expansive."). At the first two robberies, Jimerson admitted to pointing a revolver at the victims; this is clear use. *See* Plea Tr. 20:11-18; Sent. Tr. 24:1-11. Jimerson also agreed that at the third robbery, charged in Count Five, he told the victim he had a gun and pulled his shirt tight to reveal the outline of a firearm in his waistband. *See* Plea Tr. 20:11-18. "[R]egardless of whether the firearm [was] directly visible," he "ma[d]e the presence of the firearm known to another person, in order to intimidate that person." 18 U.S.C. § 924(c)(4). And while he alleges counsel should have questioned the limited evidence that he had a gun, witness testimony about an "imprint of a gun" in a waistband is sufficient. *United States v. Trant*, 924 F.3d 83, 93 (3d Cir. 2019). Because it is clear Jimerson did "use" a firearm, counsel cannot be faulted for failing to raise an obviously frivolous argument. *McAleese*, 1 F.3d at 169.

Jimerson's third claim for ineffective assistance of counsel alleges that his attorney should have challenged the Government's proof of two elements of Hobbs Act Robbery. First, he claims his actions did not interfere with interstate commerce. However, depleting a business's assets—which Jimerson did by recovering cash from the three stores—is sufficient to imply an impact on

interstate commerce. *United States v. Austin*, 231 F. App'x 177, 179 (3d Cir. 2007). Second, Jimerson alleges he never used force or fear to take possession of another's property. This is plainly contradicted by the record, which reveals he used a firearm to induce MetroPCS employees to hand over money. Plea Tr. 20:11-18; Sent. Tr. 24:1-11. Threatening violence by displaying a firearm, even concealed in one's waistband, "instill[s] fear in the victim and use[s] this fear to facilitate the offense." *United States v. Dixon*, 982 F.2d 116, 122 (3d Cir. 1992) (citing *United States v. Taylor*, 760 F.3d 115, 116 (9th Cir. 1992)) (discussing similar situation within the context of the Sentencing Guidelines). Moreover, Jimerson admitted to each challenged element at his change of plea hearing. *See* Plea Tr. 20:11-18. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Again, this ineffective assistance of counsel claim fails because counsel cannot be faulted for failing to raise frivolous arguments.

Finally, Jimerson claims his attorney was ineffective for failing to request a downward departure for "victim's conduct" under U.S.S.G. § 5K2.10. He includes no facts to support this haphazard argument. His claim will be denied.

For the foregoing reasons, Jimerson's motion under 28 U.S.C. § 2255 will be denied. Because the record conclusively shows Jimerson is not entitled to relief, no evidentiary hearing is required. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (internal quotation marks and citation omitted) ("We have repeatedly emphasized that bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing on a habeas petition."). Further, the Court cannot find that Jimserson has made the requisite substantial showing of the denial of a constitutional right nor has he demonstrated that jurists of reason would find this or the correctness

of the Court's procedural findings to be debatable. There is thus no basis upon which to issue a Certificate of Appealability. *See generally*, 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

    An appropriate Order follows.

BY THE COURT:

<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, C.J.