IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 15-209 |
| | : | |
| EDWIN JIMERSON | : | |

### MEMORANDUM

**Judge Juan R. Sánchez**                                                            **June 12, 2025**

Edwin Jimerson seeks a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines. Because Jimerson does not meet the requirements for relief under Amendment 821, his motion must be denied.

**BACKGROUND**

In May 2015, Jimerson was charged by indictment with three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and three counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). In September 2017, Jimerson pled guilty to the three Hobbs Act robbery counts and one of the 924(c) counts. As part of the plea agreement, the Government agreed to move to dismiss the two remaining 924(c) counts at sentencing. The plea agreement also specified that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed a sentence of 180 months was the appropriate disposition of the case.

At sentencing, the Court adopted the guideline calculation in Jimerson's Presentence Investigation Report (PSR). The PSR assigned Jimerson a total offense level of 26 for the robbery counts. PSR ¶ 48. He was assigned zero criminal history points and placed in criminal history category I. *Id.* ¶¶ 49-52. With an offense level of 26 and a criminal history category of I, Gonzalez's applicable guideline range was 63 to 78 months plus the applicable mandatory

minimum consecutive sentence of 84 months on the 924(c) count making the effective guideline range 147 to 162 months.  *Id.* ¶ 82.  Consistent with the plea agreement, the Court imposed a total sentence of 180 months of imprisonment, consisting of 96 months on the robbery counts and 84 months on the 924(c) count.  Judgment 2, ECF No. 48.  The Court also dismissed the remaining two 924(c) counts on the Government's motion.  *Id.* at 1.

Jimerson now seeks a sentence reduction based on 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines.  The Government has filed a response in opposition to the motion, and Jimerson has filed a reply.

**DISCUSSION**

Section 3582(c)(2) permits a court to reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  A court may grant a sentence reduction under § 3582(c)(2) only if "a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826 (2010).

The applicable policy statement is set forth in U.S.S.G. § 1B1.10, which "contains its own, more specific requirements for a sentencing reduction."  *United States v. Rodriguez*, 855 F.3d 526, 529 (3d Cir. 2017).  To qualify for a reduction under that provision, a defendant must rely on a guideline amendment that the Sentencing Commission has made retroactive, and the amendment in question must "have the effect of lowering the defendant's applicable guideline range."  *Id.* (quoting U.S.S.G. § 1B1.10(a)(2)(B)).  To determine whether an amendment has the required effect, the court must "begin by 'determin[ing] the amended guideline range that would have been

2

applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). In making this determination, the court may "substitute only the [relevant amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced," leaving "all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). If the amendment has the effect of lowering the defendant's applicable guideline range, then the court must consider any applicable § 3553(a) factors and determine whether, in its discretion, to grant a sentence reduction. *Dillon*, 560 U.S. at 827. Except in limited circumstances not applicable here, the court may not reduce a defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Jimerson seeks a sentence reduction based on Amendment 821, which made two changes regarding the calculation of a defendant's criminal history score. Part A of Amendment concerns criminal history "status points"—i.e., points added if the defendant committed the offense of conviction while under another sentence. Part A eliminates status points for defendants with six or fewer criminal history points, and reduces the number of status points that may be assigned for defendants with seven or more criminal history points from two to one. *See* U.S.S.G. Supp. to App. C, Amend. 821. Part B, Subpart 1 of the Amendment creates a new guideline provision— U.S.S.G. § 4C1.1—which provides for a two-level decrease in offense level for defendants who did not receive any criminal history points (so-called "zero-point offenders") and whose offense of conviction did not involve certain specified aggravating factors listed in the guideline. *See id.*

In his motion, Jimerson argues he is eligible for a sentence reduction because of the "'status points' enhancements applied to his sentence." ECF No. 101 at 2. As noted, however, the PSR did not assign Jimerson any criminal history points, including any status points, so Part A of the

Amendment is not applicable to him.  While Jimerson did have zero criminal history points, the "zero-point" provision does not apply to a defendant who falls within any of the exceptions to relief listed in § 4C1.1(a)(2)-(11). Two exceptions are relevant here: § 4C1.1(a)(7), which requires that "the defendant did not possess . . . a firearm or other dangerous weapon . . . in connection with offense," and § 4C1.1(a)(3), which requires that "the defendant did not use violence or credible threats of violence in connection with the offense."  Jimerson falls within both exceptions.  He possessed a gun in connection with each of the robberies of which he was convicted, pointing a gun at an employee in two robberies and showing an employee a gun tucked in his waistband in the third.  PSR ¶¶ 9-11.  Indeed, Jimerson was convicted on the 924(c) charge for using a firearm during the first robbery and received enhancements under the guidelines for using a gun in committing the two other robberies.  PSR ¶¶ 30, 36.  His actions also fall within the exception of § 4C1.1(a)(3) because he made credible threats of violence by pointing a gun at and displaying a gun in his waistband to employees during the robberies.  *Id.* ¶¶ 9-11, 30, 36.

In his reply, Jimerson objects that his use of a gun during the second and third robberies should not be considered because the 924(c) charges relating to those robberies were dismissed and the gun charges should therefore be considered "acquitted conduct."  ECF No. 103 at 2.  This argument is incorrect as Jimerson was never actually acquitted of possessing a gun.  *See United States v. Perez*, No. 24-1286, 2025 WL 943106, at *1 n.2 (8th Cir. Mar. 28, 2025) (noting a defendant was not acquitted of charged conduct where the charge was dismissed).  As a result, the sentencing enhancements Jimerson received under U.S.S.G. § 2B3.1(b)(2) were proper.  As to the first robbery, Jimerson notes only that he did not take the gun out until the victim employee demanded he show it to her and that when interviewed, the victim state he "seemed nervous and

shaking." ECF No. 103 at 3. Under § 4C1.1(a)(7), however, Jimerson's possession of a firearm in connection with the robbery is disqualifying, notwithstanding his demeanor.

Because Jimerson is ineligible for a sentence reduction as a zero-point offender, his motion will be denied. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.